In the Matter of the Accounting of MAY E. ROWLAND, as Executrix of ELIZABETH M. CREEKMORE, Deceased, Appellant. NANA A. OGG, Respondent.— In a proceeding to settle the account of an executrix, a decree was entered after trial of objections, surcharging the executrix with the proceeds of two savings bank accounts which were not set forth in the account as assets of the decedent's estate. The two accounts were established with funds of the decedent in form to be paid to the decedent or the appellant or the survivor of them. After decedent's death, appellant, as survivor, withdrew the moneys remaining in the accounts. Evidence consisting of records of the banks shows (a) written directions by the decedent to the banks to convert her former accounts to joint form with the right of survivorship, and (b) signature cards, signed by both decedent and appellant, the cards stating that the accounts are joint and that the funds are payable to either or the survivor. The Surrogate held that the bank records do not sustain appellant's burden of proving the decedent's intention to create survivorship accounts, that there is no evidence of any intent by the decedent to give appellant any title or interest in the funds, and that appellant has not shown that the alleged joint accounts were intentionally and consciously created and sanctioned by the decedent. Decree of the Surrogate's Court, Queens County, insofar as appeal is taken, reversed on the law, with costs to appellant, payable out of the estate, and the matter remitted to the Surrogate's Court to enter a decree not inconsistent with this decision and to approve appellant's account which does not set forth the proceeds of the bank accounts as assets of the estate. The findings of fact are affirmed. The evidence shows that the accounts and the deposits therein are in form described by subdivision 3 of section 239 of the Banking Law. Such evidence establishes conclusively the intention to vest title in the survivor to the moneys in the accounts at the time of death. There being no issue of fraud or undue influence, the survivor was not required to submit additional evidence as to the intention of the decedent. (*Matter of Fenelon*, 262 N. Y. 308; *Moskowitz* v. *Marrow*, 251 N. Y. 380.) Appeal from order denying appellant's motion for reargument and other relief dismissed, without costs. MacCrate, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.